UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLEN SCOTT GARDNER,<br><br>              Plaintiff,<br><br>v.<br><br>DOMINIC ROBINSON, ROBERT CINTRON, WILLIAM CADENA, MICHAEL GERSH, and MELVIN MOUTRIE,<br><br>              Defendants. | No. 16-CV-1548 (GBD)(RWL)<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Allen Scott Gardner ("Plaintiff" or "Gardner"), by and through his attorneys Thompson Hine LLP, for his Amended Complaint against Dominic Robinson, Robert Cintron, William Cadena, Michael Gersh, and Melvin Moutrie (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for the violation of Plaintiff's constitutional rights by Defendants under 42 U.S.C. § 1983, as well as for New York State assault and battery claims.

2. Defendants used excessive force when they arrested Plaintiff inside a police precinct interrogation room on October 13, 2015.

3. As a result of Defendants' acts, Plaintiff's constitutional and common law rights were violated, entitling Plaintiff to damages.

## PARTIES

4. Plaintiff Allen Scott Gardner is a 33 year old resident of Bronx, New York.

5. Defendants Dominic Robinson, Robert Cintron, William Cadena, Michael Gersh, and Melvin Moutrie each is, or was at the time of Mr. Gardner's arrest, a New York City Police Officer.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of Mr. Gardner's excessive force claim, under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Mr. Gardner's New York State assault and battery claims pursuant to 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts as Mr. Gardner's Section 1983 claim.

7. Personal jurisdiction over Defendants exists under Sections 301 and 302 of the New York Civil Practice Law and Rules and Rule 4 of the Federal Rules of Civil Procedure.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). Defendants work in Bronx, New York, and the events giving rise to the claim occurred therein.

**BACKGROUND**

9. In the afternoon of October 13, 2015, in connection with a domestic dispute involving Mr. Gardner's girlfriend and their children, police took Mr. Gardner, along with his two children, to a police station in the Bronx.

10. At the police station, Mr. Gardner was escorted into an interrogation room. Present in the interrogation room were Defendants, who proceeded to threaten and harass Mr. Gardner.

11. For example, one of the Defendants said to Mr. Gardner in substance "I don't like jail house thugs that intimidate women."

12. Another one of Defendants told Mr. Gardner that he was "going to jail" and that the police officers were going to "lock[] him up."

13. Mr. Gardner objected to this and questioned Defendants for an explanation of why he was being arrested. In response, one of Defendants told Mr. Gardner that he could either "do this the easy way" or "do this the hard way."

14. After Mr. Gardner continued to question why he was being arrested, Defendants left the room, with one of them saying on his way out that they would be "do[ing] it the hard way then."

15. Shortly thereafter, Defendants returned to the interrogation room and surrounded Mr. Gardner.

16. Defendants once more announced that Mr. Gardner had a choice between doing it "the easy way or the hard way." Mr. Gardner responded by telling Defendants to stay back.

17. At this point, one of Defendants threw up his hands and announced "let's go." Mr. Gardner moved backwards again and asked Defendants what they were doing, to which one of Defendants remarked "man up."

18. Defendants then began attacking Mr. Gardner in various ways. For example:

   a. One of Defendants moved in, punched Mr. Gardner in the face, and then tried to grab him.

   b. Another Defendant then punched Mr. Gardner in the stomach. Mr. Gardner attempted to protect himself from further attack but was punched by another Defendant.

   c. Mr. Gardner was forced to the floor during the physical attack by Defendants. While on the floor, two Defendants forced Mr. Gardner's arms behind his back and lifted his hands up behind his head, causing him substantial pain.

   d. Two other Defendants were on top of Mr. Gardner's legs, punching his thigh, while another Defendant stood over Mr. Gardner, stomping on his head and kicking him in the face.

19. Mr. Gardner began shaking and hyperventilating from the attack, while still lying on the floor.

20. Defendants then picked up Mr. Gardner and forced him to sit in a chair.

21. Eventually, although not immediately, Defendants handcuffed and arrested Mr. Gardner.

22. Mr. Gardner was moved to a holding cell where he requested medical attention.

23. Mr. Gardner then was transported to a hospital, where he received treatment for swelling on his forehead and a contusion on his face. Mr. Gardner also suffered substantial pain to his face, ribs, stomach and wrists.

24. As a direct result of Defendants' unwarranted attack on Mr. Gardner, he has suffered from back spasms and pain in his face, ribs, knees, and left shoulder. Mr. Gardner also has suffered from blurry vision and joint pain in his elbows from Defendants' beatings. And Mr. Gardner has been treated by a psychologist for treatment from the mental and emotional trauma caused by Defendants, including recurring nightmares.

FIRST CAUSE OF ACTION
(Excessive Force)

25. Plaintiff repeats and reiterates the preceding allegations as if set forth fully herein.

26. Plaintiff was deprived of his due process rights, secured by the 14th Amendment, when Defendants used excess force in arresting him on October 13, 2015.

27. Defendants used excessive force, including, but not limited to, punching and kicking Plaintiff repeatedly, while acting under the color of state law and as New York City Police Officers. Defendants' use of force was excessive because it was both subjectively and objectively more force than reasonably necessary under the circumstances to make the arrest.

28. Defendants acted intentionally or recklessly when they used such excessive force against Plaintiff.

29. Defendants conduct, in using excessive force, was the proximate cause of Plaintiff's mental, emotional and physical injuries.

30. Defendants' unnecessary and wanton disrespect for Plaintiff's constitutional rights is evidenced by their actions as described above, including, but not limited to, their repeated physical attacks on Plaintiff and by their taunting and disrespectful words, which continued even after Plaintiff had been forced to the ground and was rendered immobile.

31. Under these circumstances, Defendants' conduct was objectively unreasonable and amounted to a serious violation of Plaintiff's constitutional rights.

32. Defendants' conduct was motivated by an evil intent, as evidenced by their repeated harassing and taunting statements to Plaintiff. Defendants also acted recklessly or with callous indifference to Plaintiff's constitutional rights, as demonstrated by their words and conduct.

33. Defendants are therefore liable to Plaintiff for violating his constitutional rights.

<u>SECOND CAUSE OF ACTION</u>
<u>(New York State Assault and Battery)</u>

34. Plaintiff repeats and reiterates the preceding allegations as if set forth fully herein.

35. Defendants acted intentionally when they used force against Plaintiff.

36. Defendants further intentionally placed Plaintiff in fear of imminent harmful or offensive bodily contact, and that fear was reasonable under the circumstances.

37. Defendants also did in fact intentionally and wrongfully engage in physical contact with Plaintiff without his consent.

38.     Defendants are therefore liable to Plaintiff for assault and battery under New York State law.

## JURY DEMAND

39.     Plaintiff demands a trial by jury of all issues arising in this action.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

For a judgment in Plaintiff's favor and against Defendants as follows:

A.      On the First Cause of Action against Dominic Robinson, Robert Cintron, William Cadena, Michael Gersh, and Melvin Moutrie, compensatory and punitive damages in excess of $1 million, plus attorney's fees and costs;

B.      On the Second Cause of Action against Dominic Robinson, Robert Cintron, William Cadena, Michael Gersh, and Melvin Moutrie, compensatory and punitive damages in excess of $1 million;

C.      The costs and disbursements incurred in this action; and

D.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York             Respectfully submitted,
       November 6, 2018

                                      THOMPSON HINE LLP

                                      By: /s/Brian D. Waller
                                          Brian D. Waller
                                          Catherine R. Hartman
                                          Brian K. Steinwascher
                                          Brian Lanciault
                                          335 Madison Avenue, 12th Floor
                                          New York, New York 10017-4611
                                          Tel. (212) 344-5680
                                          Fax (212) 344-6101

                                          *Attorneys for Plaintiff Allen Scott Gardner*